IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   4:07cr24/MCR/GRJ
            4:15cv391/MCR/GRJ

DERRICK WILLIAMS
    Reg. No. 12132-017

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Doc. 46.)  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of Defendant's submission and the record, the Court concludes that Defendant's motion should be summarily dismissed.

### BACKGROUND AND ANALYSIS

Defendant pleaded guilty to a single count of possession of a firearm by a convicted felon in June of 2007.  (*See* docs. 18–22.)  Defendant's total offense level was 30 and his criminal history category was V.  The applicable guidelines range of 151 to 188 months became 180 to 188 months due to the application of the statutory minimum mandatory sentence under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"). The court sentenced Defendant at the high end of this range to a term of 188 months imprisonment.   (Docs. 26, 28.)  Defendant appealed, claiming that one of

the three predicate offenses used to support the application of the ACCA enhancement was not a proper predicate offense. The Eleventh Circuit affirmed on March 31, 2008. (Doc. 40). Nothing further was filed until Defendant filed the motion now before the court.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant did not file a petition for certiorari with the Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (i.e., ninety days after the entry of the court of appeals' judgment).[1]  Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States, 444 F. App'x 419 (11th Cir. 2011). A timely-filed § 2255 motion generally would need to have been filed within one year from that date.

---

[1] The issuance of the mandate, on April 21, 2011 (see doc. 137), has no bearing on when the time expires for filing a petition for certiorari.  See Rule 13.3 of the Rules of the Supreme Court of the United States; Clay v. United States, 537 U.S. 522, 525 (2008).

Case Nos.: 4:07cr24/MCR/GRJ; 4:15cv391/MCR/GRJ

Defendant contends that the instant motion is timely filed because it was filed within one year of the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015), and that pursuant to Johnson, he is actually innocent of the enhanced sentence he is serving.

Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence.  18 U.S.C. § 924(e)(1).  "Serious drug offenses" may arise under state or federal law, and the definition of a serious drug offense encompasses State law offenses involving distributing or possessing with intent to distribute a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law.  18 U.S.C. § 924(e)(2)(A)(ii).  The statutory definition of a violent felony under ACCA is an offense that either "(i) has as en element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(2)(B)(i) and (ii).  The Supreme Court recently ruled that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness.  Johnson v. United States, 135 S.Ct. 2551 (June 26, 2015).

The Supreme Court did not expressly address the retroactivity of Johnson or its availability as a basis for collateral relief.  However, recent Eleventh Circuit precedent suggests that it will be.  *See* King v. United States, Case No. 13-13693, 2015 WL

1898394, at *4 (Apr. 28, 2015) (noting that Supreme Court decisions construing the phrases "violent felony" or "crime of violence" which thus limit the types of convictions that qualify as such pronounce new substantive rules) (citing Zack v. Tucker, 704 F.3d 917, 925–26 (11th Cir.), *cert. denied* 134 S.Ct. 156 (2013)). Thus, this court will assume for sake of argument that Johnson is retroactively applicable on collateral review, and that no procedural bar would prevent Defendant from bringing this claim.

The crux of Defendant's claim is his assertion that he does not have the three requisite prior convictions outside of the residual clause, and therefore he no longer meets the criteria for the application of an ACCA-enhanced sentence. (Doc. 46 at 4.) Of course, any offenses that were determined to be ACCA qualifying offenses pursuant to the residual clause are no longer properly considered to be predicate offenses under Johnson.

The fundamental problem with Defendant's Johnson claim is that his recollection of his criminal history is mistaken. Defendant's Presentence Investigation Report ("PSR")(Doc. 48) reflects that the application of the ACCA enhancement was initially based on prior state convictions for use of a weapon in the commission of a felony, aggravated battery with a deadly weapon (2 cases), resisting arrest with violence, and attempted murder with a deadly weapon. (PSR ¶¶ 20, 23–26, 29). On appeal, the Eleventh Circuit noted that the ACCA enhancement was proper based on two adult convictions, for resisting arrest with violence and attempted murder with a deadly weapon, and a juvenile conviction for aggravated battery with a deadly weapon, the latter of which was the focus of Defendant's appeal. (Doc. 40). Each of these three

convictions "has as an element the use, attempted use, or threatened use of physical force against the person of another," as set forth in 18 U.S.C. § 924(e)(2)(B)(i). Thus, the residual clause had no bearing on the calculation of Defendant's sentence, and the Supreme Court's decision in Johnson offers Defendant no relief. The instant motion should be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly based on the foregoing, it is respectfully **RECOMMENDED**:

Case Nos.: 4:07cr24/MCR/GRJ; 4:15cv391/MCR/GRJ

1. The motion to vacate, set aside, or correct sentence (Doc. 46) should be summarily **DENIED and DISMISSED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of August 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.:  4:07cr24/MCR/GRJ; 4:15cv391/MCR/GRJ